UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD ALFARO,

        Plaintiff,

- v -

CITY OF NEW YORK; LEON RUSSELL;
JOHN T. WILLIAMSON; RUDOLPH HEIN;
and UNIDENTIFIED NEW YORK CITY
POLICE OFFICERS,

        Defendants.

No. 03 Civ. 8206 (LTS) (KNF)

LAURA TAYLOR SWAIN, United States District Judge

## MEMORANDUM OPINION AND ORDER

Plaintiff Richard Alfaro ("Plaintiff")[1] alleges federal and state causes of action relating to perceived violations of his civil rights stemming from a New York City Police Department ("NYPD") investigation, a subsequent arrest, and a criminal prosecution in Bronx, New York. The Complaint, which is not a model of clarity, asserts claims of violations of Plaintiff's rights under the First, Fourth and Fourteenth Amendments to the Constitution of the United States, specifically alleging false arrest, retaliatory prosecution, and violation of Plaintiff's right to equal protection. The Court construes these causes of action as ones asserted pursuant to section 1983 of Title 42 of the United States Code. In addition, the complaint accuses the individual defendants of conspiring to violate Plaintiff's constitutional rights (the Court construes this claim as one asserted pursuant to 42 U.S.C. § 1985), and asserts unspecified

---

[1] The claims of the co-plaintiff in this action, Rene Sanchez, were settled in 2004.

ALFARO.WPD    VERSION 1/29/07

state law claims based on the same factual allegations. Plaintiff asserts that the various alleged rights violations are the product of municipal policies and customs and/or negligent supervision and training on the part of the City of New York, and that the City is thus liable on his claims as well.

This matter now comes before the Court on the motion of all of the above-named defendants (collectively, "Defendants"), for summary judgment on all claims pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Court has subject matter jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, and jurisdiction of Plaintiff's related state claims pursuant to 28 U.S.C. § 1367.

The Court has considered thoroughly all of the parties' submissions and arguments in connection with the instant motion. For the reasons set forth below, Defendants' motion for summary judgment is granted.

## BACKGROUND

The following material facts are undisputed.[2]

On or around February 24, 1998, a stolen 1997 Toyota Avalon ("Vehicle") was recovered by the NYPD, and towed for storage to Autorama Collision ("Autorama") in the Bronx, New York. (Jacobi Decl., Ex. C ("NYPD Vchr."); Ex. B ("Cameron Test.") 36.) The registered owner of the Vehicle was Yung Chiang Hsieh. (NYPD Vchr.) In April 1998,

---

[2]   Plaintiff failed to file a response to the 56.1 statement as required by the Local Rule; accordingly, the Court deems the content of Defendants' 56.1 statement admitted. The Court has, furthermore, reviewed Plaintiff's affidavit proffered in opposition to the motion and has determined that it raises no genuine issue of material fact.

Plaintiff, without written authorization, retrieved the Vehicle from Autorama and towed it to his place of business, Old Riverhead Motors in Riverhead, New York. (Pl.'s Decl., ¶ 19, 21.; Cameron Test. 54-60.)

After learning of the recovery of the Vehicle by the NYPD, Hsieh contacted Autorama to make arrangements to pick up the Vehicle. (Id., Ex. B ("Hsieh Test.") 307.) Upon Hsieh contacting Autorama, it was discovered that the Vehicle was missing. Charles Mattson, an Autorama employee, conducted an investigation of the whereabouts of the Vehicle, and having concluded that it was improperly taken, filed a stolen car complaint with the NYPD. (Id., Ex. F ("NYPD Compl.").) As a result of the stolen car complaint, a "car alarm" was placed on the Vehicle by the NYPD, alerting government databases of its reported stolen status. (Id.)

The NYPD then conducted a one-year criminal investigation in this matter, in which officers carried out numerous interviews with the victim, relevant witnesses, Plaintiff, and Plaintiff's former attorney, made an inspection of the Vehicle, and reviewed all the paperwork available on the incident, including a substantial amount of paperwork submitted by Plaintiff. (Jacobi Decl., Ex. B ("Russell Test.") 371-387; ("Hein Test.") 417-428.) The investigation was conducted by defendant Hein, a detective in the NYPD's Auto Crimes Unit. The information obtained by police in the course of the investigation included affidavits from Hsieh and from Mattson attesting to the fact that Plaintiff did not have "permission or authority to take, possess, or drive the vehicle in question, documentation indicating that the vehicle has been released to "Auto Retrieval," and Plaintiff's representations that he had obtained legal title to the Vehicle. (Jacobi Decl., Exs. P,O ("Hsieh Supp. Decl.") ("Mattson Supp. Decl."); Ex. E; Ex. I.) Plaintiff also provided the police with copies of documentation relating to a lien sale that he had

conducted and in which he purported to have acquired title to the Vehicle, including copies of notices in connection with that sale that he claimed to have sent to Hsieh. The notices were directed to an incorrect address. (Pl.'s Decl., Exs. D,E,F,G.) Plaintiff first made contact with the authorities concerning the Vehicle on January 4, 2000, when he and a Detective Jenks sought to have the "car alarm" removed from the police alert system so that Plaintiff could have the car registered in his own name. (Russell Test. 372-373.) In the course of the investigation, Defendant Williamson assisted fellow officers in confiscating the Vehicle from Plaintiff, who had produced the Vehicle for inspection in compliance with a NYPD request. (Williamson Aff. ¶ 7.)

Following Plaintiff's appearances with Detective Jenks in connection with his efforts to obtain cancellation of the "car alarm," Defendant Williamson commenced a police internal affairs investigation of Jenks. (Williamson Aff. ¶ 2.) Plaintiff asserts, and Defendants do not deny, that Plaintiff made a complaint against defendant Russell with the NYPD's Internal Affairs Bureau, concerning Russell's refusal to cancel the "car alarm" placed on the Vehicle, and for "detaining [Plaintiff] at the 43rd Precinct for in excess of 4 hours, and [for] the fact that he refused to answer [Plaintiff's] repeated phone calls." (Pl.'s Decl., Ex. C ¶¶ 79-80.)

After the conclusion of the NYPD investigation, Plaintiff was arrested on January 4, 2000, and charged with grand larceny in the third degree, criminal possession of stolen property in the third degree, and unauthorized use of a motor vehicle in the third degree. (Id., Ex. M ("Booking Sheet"); Ex. N ("Crim. Compl.").) Plaintiff's trial on these charges was held in Bronx County Criminal Court and, on July 31, 2001, Plaintiff was acquitted of all of the charges. (Id., Ex. Q ("Disp. Cert.").)

In his affidavit filed in opposition to the motion, Plaintiff proffers a lengthy narrative of his version of the underlying facts. He asserts, among other things, that he had a prior relationship with Autorama under which Autorama referred damaged cars to him for acquisition, that Hsieh gave him permission to remove the Vehicle, that Plaintiff contacted the lessor of the Vehicle and obtained lawful title to it through a properly-noticed lien sale, and that Defendants Russell and Hein pursued the preferment and prosecution of the criminal charges against him in retaliation for his filing of the internal affairs complaint against Defendant Russell.[3] Plaintiff's allegations concerning the facts of the underlying transaction relating to the Vehicle are, however, immaterial to his false arrest, malicious prosecution, and other Fourth Amendment claims concerning his arrest and prosecution and the confiscation of the Vehicle. His conclusory allegations concerning Defendants' motivations in pursuing the charges are, moreover, insufficient to frame a genuine issue of material fact as to his retaliation and equal protection claims.

## **DISCUSSION**

In their motion for summary judgment, Defendants argue principally: that Plaintiff's false arrest claim should be dismissed as untimely and that, in any event, the claim fails because there was probable cause for the arrest; that Plaintiff's failure to intervene claim similarly fails on statute of limitations and substantive grounds; that Plaintiff has failed to present facts sufficient to establish the requisite probable cause and motivational elements of his

---

[3]   The Court notes that the affidavit contradicts Plaintiff's prior deposition testimony in a number of respects.

malicious prosecution claim; that Plaintiff's conspiracy claim fails for lack of evidence of agreement and animus, and also because the alleged conspirators are all employees of the same entity; that Plaintiff's equal protection claims fail for lack of proof of disparate treatment; that Plaintiff's claims against Defendant Williamson fail for lack of a showing of personal involvement in a constitutional tort; that Plaintiff's evidence is insufficient to support municipal liability under the standards enunciated in Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978); and that the individual defendants are entitled to qualified immunity. Defendants argue further that any state law claims are untimely.

Standard of Review

Summary judgment is to be granted in favor of a moving party where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A fact is considered material "if it 'might affect the outcome of the suit under the governing law,'" and an issue of fact is a genuine one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Holtz v. Rockefeller & Co. Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson, 477 U.S. at 248). The Second Circuit has explained that "[t]he party against whom summary judgment is sought . . . 'must do more than simply show that there is some metaphysical doubt as to the material facts. . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine

issue for trial.'" Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)); Tufariello v. Long Island Railroad Co., 458 F.3d 80, 85 (2d Cir. 2006).

Section 1983 Claims

Statute of Limitations

Section 1983 creates a cause of action against any person who, acting under color of state law, violates rights created by the Constitution or laws of the United States. In section 1983 actions, the applicable statute of limitations is a state's "general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 250 (1989). In New York, a section 1983 action is governed by the three-year statute of limitations established by section 214(5) of the New York Civil Practice Law and Rules ("CPLR").[4] Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). Additionally, while state law governs the applicable statute of limitations period in a section 1983 action, federal law determines when such action accrues. Pearl, 296 F.3d at 80. Such an action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." Id. (quotation marks and citation omitted); Morse v. Univ. of Vermont, 973 F.2d 122, 125 (2d Cir. 1992).

---

[4] Section 214 of the New York Civil Practice Law and Rules provides, in relevant part:

"The following actions must be commenced with three years:
. . .
5. an action to recover damages for a personal injury except as otherwise provided in sections 214-b, 214-c and 215."

False Arrest

"A cause of action for false arrest accrues at the time of detention." Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006). The facts alleged in the Complaint in the instant matter, even when construed in the light most favorable to Plaintiff, do not support a later accrual date. Cf. Covington v. City of New York, 171 F.3d 117, 122 (2d Cir. 1999) (recognizing that a section 1983 action for false arrest may in some circumstances accrue only upon conclusion of criminal proceedings, such as where successful claim would necessarily imply the invalidity of conviction because sole evidence supporting conviction was obtained in connection with the challenged arrest).

Here, Plaintiff's false arrest claim is time barred by the applicable three-year statute of limitations. Plaintiff was arrested on January 4, 2000, at which time Plaintiff had reason to know of the injury which is the basis of this action, and thus, at which time the action accrued. Plaintiff filed this action on October 16, 2003, more than ten months after the three-year statute of limitations expired. (Jacobi Decl., Ex. A ("Summons").) Accordingly, summary judgment in favor of the Defendants is appropriate on Plaintiff's false arrest claim.

Furthermore, even if Plaintiff's false arrest claim were not time barred, Defendants would be entitled to summary judgment dismissing it because the undisputed facts demonstrate that the challenged arrest was supported by probable cause. When there is probable cause for an arrest, a false arrest claim fails. Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003); Covington, 171 F.3d at 122 (holding that "[the] existence of probable cause . . . is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983.") (quotation marks and citations omitted).

Here, the undisputed facts of record demonstrate that the police had probable cause to arrest Plaintiff for grand larceny in the third degree, criminal possession of stolen property in the third degree, and unauthorized use of a motor vehicle in the third degree. The information developed in the course of the police investigation included sworn statements by Hsieh and by an Autorama representative, attesting to the absence of authorization for Plaintiff's possession and retention of the vehicle. Plaintiff's own documentation was not congruent with his version of the facts and the police were not obliged, in any event, to credit Plaintiff's version in determining whether to make an arrest. Rather, "[p]robable cause to arrest exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." Boyd, 336 F.3d at 75-76 (quotation marks and citations omitted). In evaluating the existence of probable cause, the Court considers the information available to the officer at the time of arrest. Ricciuti v. N.Y.C. Transit Authority, 124 F.3d 123, 128 (2d Cir. 1997). Importantly, once an officer has probable cause to make an arrest, "he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." Id.

Thus, competent police officers could reasonably have believed, based upon the information in the possession of the NYPD prior to the arrest, that Plaintiff had stolen the Vehicle. Since the undisputed factual record, read in the light most favorable to Plaintiff, demonstrates that there was probable cause for Plaintiff's arrest, no false arrest claim can stand, and Defendants are for this reason, as well, entitled to summary judgment dismissing Plaintiff's false arrest claim.

### Failure to Intervene

A police officer "has an affirmative duty to intercede on behalf of a citizen whose constitutional rights are being violated in the presence of other officers," and a failure to do so may be grounds for section 1983 liability. Ricciuti, 124 F.3d at 129 (quotation marks and citations omitted). Here, Plaintiff alleges that the individually named officers failed to intervene to prevent a false arrest.

Summary judgment in favor of Defendants on this claim is appropriate on two grounds. First, since the undisputed factual record demonstrates the existence of probable cause to make an arrest, there is no evidence that the defendant officers had any obligation to intervene to prevent the arrest of Plaintiff. Second, and for substantially the reasons explained above in connection with the false arrest claim, the failure to intervene claim is untimely under the three-year statute of limitations established by section 214(5) of the New York Civil Practice Law and Rules ("CPLR"). Accordingly, there is no triable issue of material fact, and Defendants are entitled to summary judgment in dismissing Plaintiff's failure to intervene claim.

### Malicious Prosecution

To prevail on a section 1983 action for malicious prosecution, a plaintiff must show that "a prosecution was initiated against him, that it was brought with malice [and] without probable cause to believe that it could succeed and that the prosecution terminated in favor of the accused plaintiff." Boyd, 336 F.3d at 76. A criminal prosecution is commenced with malice if it is brought with "a wrong or improper motive, something other than a desire to see the ends of justice served." Fulton v. Robinson, 289 F.3d 188, 198 (2d Cir. 2002) (quotation marks and

citations omitted). Here, Plaintiff has failed to tender evidence from which a reasonable factfinder could conclude that Defendants acted with malice. Plaintiff proffers that Defendants considered him a "troublemaker", and that "[he] verily believes that the ultimate decision to prosecute . . . was a vindictive action on account of filing a complaint against [defendant] Detective Russell." (Pl.'s Decl., Ex. C ¶¶ 79-80; 87.) However, Plaintiff fails to specify particular facts that support his assertions that Defendants were improperly motivated in commencing a criminal prosecution.[5] (Id. ¶¶ 79-80.) Plaintiff's vague assertions and beliefs are speculative and conclusory, and thus do not present an issue of material fact. Jeffreys v. City of New York, 426 F.3d 549, 544 (2d Cir. 2005) (citation omitted). Accordingly, summary judgment in favor of the Defendants is appropriate on Plaintiff's malicious prosecution claim.

### Personal Involvement of Defendant Williamson

"[A] plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under section 1983." Patterson, 375 F.3d at 229. Defendant Williamson was not involved in either the arrest or prosecution of Plaintiff. (Williamson Aff., ¶¶ 9-12.) Plaintiff's false arrest and malicious prosecution claim's thus cannot stand against Williamson. Additionally, as to the allegedly improper seizure of the Vehicle, the undisputed record, in addition to demonstrating clear probable cause for the arrest, also demonstrates that the authorities, including Williamson, had

---

[5] The Court need not reach the issue of prosecutorial probable cause as Plaintiff has not demonstrated that Defendants acted with malice.

ample reason to believe that the car was the allegedly stolen Vehicle. Plaintiff has thus failed to raise an issue of fact as to the lawfulness of the seizure.

### Municipal Liability

Plaintiff has named the City of New York as a defendant in this action. Municipalities and local governments may be liable under section 1983, but only for violations stemming from their own unconstitutional or illegal policies or customs.[6] Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978). Plaintiff's affidavit in opposition to Defendants' summary judgment motion tenders no factual information whatsoever from which a reasonable factfinder could infer that the alleged illegalities of which Plaintiff complains were the product of any municipal policy or custom. Accordingly, summary judgment is granted in favor of defendant the City of New York as to each of Plaintiff's section 1983 claims.

### Equal Protection

Plaintiff also asserts that Defendants violated the Equal Protection Clause of the Fourteenth Amendment. To prevail on such a claim there must be proof that: (1) the plaintiff, compared with others similarly situated, was selectively treated; and (2) that the selective treatment was based on an impermissible consideration such as race. Nat'l Congress, 75 F. Supp. at 167; Harlen Assocs. v. Inc. Village of Mineola, 273 F.3d 494, 499 (2d Cir. 2001)

---

[6] "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory. Monell, 436 U.S. at 691; Coon v. Springfield, 404 F.3d 683, 687 (2d Cir. 2005) (noting that "Congress chose not to impose a federal law of *respondeat superior*, in part because it believed the imposition of an obligation on municipalities to keep the peace would raise constitutional problems").

(noting that an Equal Protection claim arises "where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment") (quotation marks and citations omitted).  When a plaintiff alleges racial discrimination, he must demonstrate that similarly situated individuals of a different race were not subjected to the challenged conduct.  Id.

Plaintiff's evidentiary proffer in connection with this motion provides nothing to substantiate the conclusory assertion in his complaint that "the defendant CITY OF NEW YORK and its individual members . . . have subjected . . . *other persons* to a pattern of conduct consisting of . . . racial and ethnic discrimination. "  (Pl.'s Compl. ¶ 35) (emphasis added).  There being no triable issue of fact as to whether there was an impermissible disparity in the treatment of Plaintiff as compared to others similarly situated, Defendants are entitled to summary judgment dismissing Plaintiff's equal protection claim.

42 U.S.C. § 1985 Claim

Plaintiff alleges that "individual police officers conspired together to violate [Plaintiff's] rights."  (Pl.'s Compl. ¶ 20.)  To succeed on claim under section 1985(3), a plaintiff must show that defendants: (1) engaged in a conspiracy; (2) conspired for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; and (3) acted in furtherance of the conspiracy.  Plaintiff must also show that the concerted action deprived such person of the exercise of any right or privilege of a citizen of the United States.  New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1358 (2d Cir. 1989).  Such a conspiracy "is actionable under §

1985 only if it involves a discriminatory animus based on race or some other invidious classification." Posr, 180 F.3d at 419; United Broth. of Carpenters, Local 610 v. Scott, 463 U.S. 825, 829 (1983). The mere assertion of racial motivation is not sufficient to state a conspiracy claim. Posr, 180 F.3d at 419. Plaintiff's sole evidentiary proffer in aid of his claim of racial or ethnic motivation is an alleged statement by Defendant Russell to two Autorama employees in which Russell allegedly referred to Plaintiff as a "Guinea," and to which one of the Autorama employees allegedly responded by characterizing Plaintiff as a "Spic." (Alfaro Aff. in Opp. at 61.) This comment, even if made, is insufficient to support a reasonable inference of action motivated by racial animus, much less of concerted action, designed to deprive Plaintiff of equal protection of the laws, that was motivated by racial animus. Nor does Plaintiff proffer any non-conclusory evidence of any agreement among defendants to violate his rights or of any overt act(s) in furtherance of the alleged conspiracy. Furthermore, "[w]here the individual defendants are all employees of the [same] institutional defendant, a claim of conspiracy will not stand." Nat'l Congress for Puerto Rican Rights v. City of New York, 75 F. Supp. 2d 154, 168 (S.D.N.Y. 1999). Here, all the individual defendants in this matter are employees of the same institutional defendant, namely the City of New York. Thus, Defendants are entitled to judgment in their favor on Plaintiff's section 1985 conspiracy claim.

Qualified Immunity

The individual Defendants further argue that they are entitled to dismissal of Plaintiff's claims against them on the grounds of qualified immunity. Under the doctrine of qualified immunity, "government officials performing discretionary functions, generally are

shielded from liability for civil damages [under the federal civil rights statutes] insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Martinez v. Simonetti, 202 F.3d 625, 633 (2d Cir. 2000). The Court need not, however, reach the qualified immunity issue in light of its disposition of Plaintiff's federal claims.

The Court has considered carefully each of Plaintiff's arguments in opposition to the summary judgment motion and finds that none is sufficient to defeat Defendants' motion insofar as it addresses his federal claims.

State Law Claims

In light of the dismissal of all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction of the complaint to the extent that it seeks to assert any state law claims.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is granted. Plaintiff's federal claims are dismissed with prejudice. The Court declines to exercise supplemental jurisdiction of Plaintiff's state law claims. The Clerk of Court is respectfully requested to enter judgment in accordance with this decision and close this case.

SO ORDERED.

Dated: New York, New York
       January 29, 2007

　　　　　　　　　　　　　　　　　　　　　　　/s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge